A. BUCK MCDUFFIE v. STATE, *et al.*

182 So. 591.
Opinion Filed July 6, 1938.

*G. A. Buie, Jr.,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

BUFORD, J.—The writ of error brings for review judgment in habeas proceeding remanding the petitioner to the custody of the Sheriff.

Petitioner was indicted under provisions of Section 5152 R. G. S., 7253 C. G. L. The indictment was in three counts. The first count of the indictment charged:

"The Grand Jurors of the State of Florida, duly chosen, empaneled and sworn, diligently to inquire and true presentment make in and for the body of the County of Columbia, upon their oath present that: A. Buck McDuffie, late of the said County of Columbia, and State of Florida, on the 1st day of October, A. D. 1935, and in the County and State aforesaid, being then and there an officer of Columbia County, State of Florida, to-wit: Tax Collector of the County and State aforesaid, and who thereafter from said 1st day of October, A. D. 1935, continued to hold said office of- Tax Collector of the County and State aforesaid and to exercise the duties thereof, and is now holding said office aforesaid and exercising the duties thereof, and whose duties then and there required him to receive moneys of another, did, by virtue of his said office as Tax Collector and while acting as such officer aforesaid, receive and take into his possession certain moneys, the property of Wm. D. Artman," (then followed the names of many other persons).

Then the charge continues: "at divers times between the 1st day of October, A. D. 1935, and the 31st day of January, A. D. 1937, to-wit: the sum of Seven (7¢) Cents, in

money current in the United States of America, the property of Wm. G. D. Artman; the sum of Twenty-six (26¢) Cents, in money current in the United States of America, the property of W. E. Bayfield."

Then follow allegations of the amounts of money alleged to be the property of each of the persons theretofore named in this count of the indictment.

After setting out those several amounts with the ownerships, there follows the allegation: "of the aggregate value of One Hundred Sixty-five & 79/100 ($165.79) Dollars, and of the value of One Hundred Sixty-five & 79/100 ($165.79) Dollars lawful money of the United States of America, a better or more particular description of which being to the Grand Jurors unknown, for and in the name and on account of the said Wm. G. D. Artman, W. E. Bayfield."

Then there is again set forth the names of other persons for and in the name of whom the said several amounts were alleged to have been received, after which follows the allegation:

"And the said moneys as aforesaid coming into his possession by virtue of his said office as Tax Collector aforesaid, he, the said A. Buck McDuffie, then and there, to-wit, on the 31st day of January, A. .D. 1937, aforesaid, in the County and State aforesaid, did feloniously embezzle and fraudulently and feloniously convert to his own use, to-wit: The said sum of One Hundred Sixty-five & 79/100 ($165.79) Dollars in money current in the United States of America, and of the value of One Hundred Sixty-five and 79/100 ($165.79) Dollars, lawful money of the United States of America, and the property of the persons and corporations as aforesaid, a better or more particular description of said moneys being to the Grand Jurors unknown; contrary to the form of the statute in such case

made and provided and against the peace and dignity of the State of Florida."

There is no material difference between the allegations of the Second Count of the indictment and the First Count thereof.

The Third Count is as follows:

"And the Grand Jurors aforesaid, upon their oath aforesaid, do further present and say, that A. Buck McDuffie, late of said County of Columbia, and State of Florida, on the 1st day of October, A. D. 1935, in the County and State aforesaid, being then and there an officer of the County of Columbia, State of Florida, to-wit: Tax Collector of the County and State aforesaid; who thereafter from said 1st day of October, A. D. 1935, continued to hold said office of Tax Collector of the County and State aforesaid, and to exercise the duties thereof, and is now holding said office aforesaid and exercising the duties thereof, and whose duties then and there required him to collect, receive and take into his possession certain moneys for taxes, as aforesaid, the property of the State of Florida, and the County of Columbia, State of Florida, and said A. Buck McDuffie did, by virtue of his said office as Tax Collector and while such officer, to-wit: Tax Collector of the County and State aforesaid, receive and take into his possession certain moneys for taxes, as aforesaid, the property of the State of Florida and the County of Columbia, at divers times, between the 1st day of October, A. D. 1935, and the 31st day of January, A. D. 1937, to-wit: The Sum of One Thousand, One Hundred Thirty-one & 88/100 ($1,131.88) Dollars, money, currency of the United States of America, and of the value of One Thousand, One Hundred Thirty-one & 88/100 ($1,131.88) Dollars, a more particular description of said money being to the Grand Jurors unknown, for and in the name and on account of the State of Florida,

and County of Columbia, the said moneys so as aforesaid coming into his possession by virtue of his said office as Tax Collector of said County of Columbia, he, the said A. Buck McDuffie, then and there, to-wit: On the 31st day of January, A. D. 1937, aforesaid, in the County and State aforesaid, did fraudulently and willfully withhold with the intent to convert to his own use, to-wit: The said sum of One Thousand, One Hundred Thirty-one and 88/100 ($1,131.88) Dollars money, currency of the United States of America, and of the value of One Thousand, One Hundred Thirty-one and 88/100 ($1,131.88) Dollars, lawful money of the United States of America, of the property, goods and chattels of the State of Florida and the County of Columbia, a more particular description of said moneys being to the Grand Jurors aforesaid unknown; Contrary to the form of the Statute in such a case made and provided and against the peace and dignity of the State of Florida."

It appears to us that practically every question presented by the plaintiff in error has been settled adversely to his contentions in the case of Martin v. Karel, as Sheriff, 106 Fla. 363, 143 Sou. 317.

It is contended by plaintiff in error that the indictment is void because it entirely fails to charge any offense under the laws of the State of Florida. In short, this contention is based upon the facts that Counts 1 and 2 of the indictment charged that the money alleged to have been embezzled in the aggregate sum of $165.79 is alleged to have been made up of various small sums of money belonging to various and different people and that these two Counts of the indictment, therefore, allege various, separate and distinct offenses.

It will be noted that the allegations of the indictment are substantially in the language of the statute, *supra.*

In Crosby v. State, 90 Fla. 381, 106 Sou. 741, in discussing the gist of the offense here under consideration this Court said:

"The gist of the offense as defined by the statute, is the receipt by the officer in his official capacity of money or other property belonging to another and withholding or conversion thereof to his own use or the secreting thereof with intent to convert the same."

The offense is not an offense against the person of another, but it is a public offense and it is immaterial whether the ownership of the property involved is in one or in two or more persons.

The purpose of alleging the ownership of the property alleged to have been embezzled is to protect the accused against prosecution a second time for the same offense and to show that the property alleged to have been embezzled was not the property of the accused, but that the ownership thereof was in another, or others, whose identity is known, and to advise the accused fully of the charge which he is to meet.

Let us assume that a Clerk of the Circuit Court sells and assigns to A forty tax certificates, each certificate covering property belonging to B, and that subsequent to the sale and assignment B proceeds to redeem those certificates by paying the money necessary to the Clerk for redemption of each certificate. But, instead of redeeming them all at one time, he redeems one certificate each day for a period of forty days and the Clerk pays none of the proceeds over to A, as he is required to do under the law, but instead converts the same to his own use. It would hardly be contended that the Clerk of the Circuit Court must, if prosecuted at all, be prosecuted for forty different offenses, but the proper method of procedure under the statute would be to prosecute the Clerk for embezzlement of the total

fund converted to his own use. The acts necessary to constitute the crime are not found in the receipt of the money, but in the withholding of the money and converting the same to the use of the officer receiving such money.

Now what difference could it possibly make in the right of the State to prosecute the offense against the public whether the certificates which were sold and assigned were all assigned to A, or to A, C, D, and others as separate purchasers of such certificates, or were certificates covering lands belonging to B, E, F and others? The conversion of the aggregate sum would constitute the same offense against the public. The plaintiff in error has not cited any authority which we think sustains his contention. On the contrary, we are impelled to say that the indictment in this case appears to have been drawn with painstaking accuracy and particularity so as to advise the accused in the minutest detail of the charges which he is required to meet under Counts 1 and 2 thereof.

Plaintiff in error contends that the Third Count of the indictment is void because it alleges that money, the amount and value of which is definitely stated, alleged to have been converted and embezzled by the accused was the property of the State of Florida and Columbia County.

We do not see how the allegations could be more definitely made. As to whether or not it was the property of the State of Florida and Columbia County is a matter of proof. If the Tax Collector collected $1,000.00 in the aggregate as State and County taxes lawfully assessed against property in Columbia County the $1,000.00 collected was the property of Columbia County and the State of Florida. It was collected for State and County taxes. It came into the hands of the Tax Collector as the property of the State of Florida and Columbia County, each having a definite interest in that property, but, until the portion belonging to

each had been segregated from the other, the ownership as alleged could be proved.

From the whole record it appears that the indictment and each count thereof is sufficient to withstand attack in habeas corpus proceedings.

Therefore, the judgment must be, and is, affirmed.

So ordered.

Affirmed.

WHITFIELD and BROWN, J. J., concur.

CHAPMAN, J., disqualified.